IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMIT XAVIER DELGADO,　　　　:
　　　　　　　　　　　　　　　　:
　　　　Petitioner　　　　　　　:　　CIVIL NO. 1:16-CV-02196
　　　　　　　　　　　　　　　　:
　　vs.　　　　　　　　　　　　 :
　　　　　　　　　　　　　　　　:
PENNSYLVANIA DEPARTMENT　　　 :　　(Judge Rambo)
OF CORRECTIONS, et al.,　　　 :
　　　　　　　　　　　　　　　　:
　　　　Respondents　　　　　　 :

**MEMORANDUM**

On October 31, 2016, Petitioner, Jamit Xavier Delgado, an inmate at the State Correctional Institution at Camp Hill, Camp Hill, Pennsylvania, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Delgado paid the $5.00 filing fee. The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.[1] For the reasons set forth below Delgado's petition will be dismissed as untimely filed.

---

1. Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

**Factual Background**

In the petition Delgado alleges that he was sentenced on April 25, 2005, by the Court of Common Pleas of Dauphin County, Pennsylvania, for robbery, criminal conspiracy to commit robbery, aggravated assault, criminal conspiracy to commit aggravated assault, and 2 counts of recklessly endangering another person, and received an aggregate sentence of imprisonment of 5 1/2 to 11 years. (Doc. 1, at 1.) Delgado's judgment of conviction and sentence was pursuant to a guilty plea. (Id.)  Delgado did not file a direct appeal. (Id. at 2, 20.)  Delgado's judgment of sentence became final on May 25, 2005, 30 days after the sentence was imposed.  No other proceedings in state court were filed by Delgado until August 14, 2012. Commonwealth of Pennsylvania v. Jamit Xavier Delgado, CP-22-CR-0003797-2004.[2]  On that date Delgado filed a

---

2. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of Delgado's criminal case. A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of
(continued...)

2

petition to permit release from prison and be placed on house arrest for occupational, educational and family purposes.  On September 12, 2012, the Court of Common Pleas of Dauphin County denied Delgado's petition.  After that denial Delgado did not file any further proceedings in state court until October 29, 2014, when he filed in the Court of Common Pleas a motion under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA").  Counsel was appointed for Delgado and an amended PCRA petition filed on January 13, 2015.  On March 9 and April 13, 2015, the Court of Common Pleas dismissed the PCRA proceedings.  Counsel failed to take a timely appeal and subsequently a second PCRA petition was granted by the Court of Common Pleas reinstating Delgado's appellate rights *nunc pro tunc* and a Notice of Appeal was filed to the Superior Court on June 12, 2015.  The primary issue raised on appeal was whether Delgado should receive relief under the recent United States Supreme Court case of Alleyne v. United

---

2. (...continued)
other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

States, 133 S.Ct. 2151 (2013).  On February 1, 2016, the Superior Court affirmed the decision of the Court of Common Pleas dismissing Delgado's request for relief under the PCRA.  The Superior Court found that Delgado's PCRA petition was untimely filed and further noted that it had in a prior case "rejected the argument that Alleyne announced a new constitutional right under the PCRA that applies retroactively."[3]  (Doc. 1, at 23-24.) Delgado filed a petition for allowance fo appeal with

---

3. The Court of Appeals for the Third Circuit has also held that the Supreme Court's decision in Alleyne setting forth a new rule of constitutional law that any fact that increased a mandatory minimum sentence was an element of the offense that had to be submitted to the jury and proved beyond a reasonable doubt was not applicable to cases on collateral review, and thus did not provide a basis for authorization of second or successive motions to vacate under 28 U.S.C. § 2255. United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014); see also Miller v. Mooney, 2016 WL 7375015, at *2 (E.D.Pa. Dec. 19, 2016).  The Miller case involved a state inmate who filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 where the inmate claimed that his 1984 mandatory state sentence of life imprisonment was unlawful in light of the Alleyne decision.  The district court held that reliance on Alleyne was misplaced because it was decided after the inmate was sentenced, was not retroactive, and the one-year period of limitations barred his federal habeas petition.

the Supreme Court of Pennsylvania which was denied on September 27, 2016. (Doc. 1, at 26.)

**Discussion**

There is a one-year statute of limitations for filing a § 2254 petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). For our purposes, that period starts to run from the date the conviction becomes final, defined in section 2244(d)(1)(A) as "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, 28 U.S.C. § 2244(d)(2) also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" We will first address the question of when Delgado's conviction became final for purposes of the commencement of the 1-year statute of limitations and then address whether there is any other time excluded under §2244(d)(2).

As stated above, Delgado was sentence on April 25, 2005. Delgado did not take a direct appeal and his

sentence became final on May 25, 2005. The period of time which elapsed from the date his sentence became final until Delgado filed his first PCRA petition is well in excess of 1 year.  That time is  counted towards the 1-year statute of limitations.  Consequently, Delgado's present habeas petition filed on October 31, 2016, is untimely filed.

    An appropriate order will be entered.

                              s/Sylvia Rambo
                              SYLVIA H. RAMBO
                              United States District Judge

Dated: December 27, 2016